## IN RE: ESTATE OF SPECTOR
### Case No. 90-268 CP M
Fifteenth Judicial Circuit, Palm Beach County
August 1, 1991

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

*ORDER DENYING PETITION FOR ADMINISTRATION*

In this cause petitioner, Jean D. Click, has offered for administration the Last Will and Testament of Beatrice Spector. The petitioner takes the position the will is self-proved and she need not supply the court with an oath of an attesting witness pursuant to Florida Statute 733.201(2). The clause of the will in question provides as follows:

We, BEATRICE SPECTOR, Sheryl G. Klein, Randy Portwood, and Stuart M. Gottlieb, the Testatrix and the witnesses, respectively, whose names are signed to the attached or foregoing instrument, being first duly sworn, do hereby declare to the undersigned officer that the Testatrix signed the instrument as her Last Will and Testament and that she signed voluntarily (or directed another to sign for her and did so voluntarily) and that each of the witnesses in the presence of the Testatrix, at her request, and in the presence of

each other signed the Will as a witness and that to the best of the knowledge of each witness the Testatrix was at the time eighteen or more years of age, of sound mind, and under no constraint or undue influence.

* * *

Subscribed and *acknowledged* before me by Beatrice Spector, the Testatrix, and subscribed and sworn to before me by Sheryl G. Klein, Randy Portwood, and Stuart M. Gottlieb, the witnesses, on March 11, 1987. (Emphasis supplied).

Florida Statute 733.201—Proof of Wills provides:

(1) Self-proved wills executed in accordance with this code may be admitted to probate without further proof.

(2) A will may be admitted to probate upon the oath of any attesting witness taken before any circuit judge, commissioner appointed by the court, or clerk.

Florida Statute 732.503—Self-proof of Will provides as follows:

A will or codicil executed in conformity with § 732.502(1) and (2) may be made self-proved at the time of its execution or at any subsequent date by the *acknowledgement* of it by the testator and the affidavits of the witnesses, each made before an officer authorized to administer oaths and evidenced by the officer's certificate attached to or following the will, in substantially the following form:

State of

County of

We, _____, _____ and _____ the testator and the witnesses, respectively, whose names are signed to the attached or foregoing instrument, have been *sworn,* declared to the undersigned officer that the testator, in the presence of witnesses, signed the instrument as his last will (codicil), that he (signed) (or directed another to sign for him), and that each of the witnesses, in the presence of the testator and in the presence of each other, signed the will as a witness.

(Testator)<br>_____<br>(Witness)<br>_____<br>(Witness)<br>_____

Subscribed and *sworn* to before me by _____, the testator, and by _____ and _____, the witnesses, on _____ 19___

(Notary Public)<br>_____<br>*Notary Seal*<br>My Commission Expires _____

(Emphasis added).

The statute is not a model of clarity and leaves a great deal to be desired in its draftsmanship nevertheless, this court interprets it to mean the testator and witnesses must each subscribe and swear to the document before it becomes self-proved.

It is rather basic that the testator and witnesses cannot legally notarize their own signature hence, their statement of being duly sworn fails to give efficacy to that attempt. What is controlling is the conduct of the notary public in the performance of her official duty which in this case, clearly reflects the testatrix did not swear to the document before the notary public.

An acknowledgement and affidavit are not synonymous nor do they have the same legal effect and one cannot be the substitute for the other.

An affidavit is a written statement under oath made or taken before an authorized officer. An affidavit not sworn to is not an affidavit and an affidavit as an affidavit consists of a statement of fact which is sworn to as true; the test of the sufficiency of a paper as an affidavit is the privilege to assign perjury to it if the statements therein are false. An affidavit is an oath in writing sworn before some person who has authority to administer such oath. Succinctly, an affidavit is a written statement under oath before an authorized officer. See, *Words and Phrases,* Affidavit.

An acknowledgement is an act by which a party who has executed an instrument goes before a competent officer and declares or acknowledges the same as his genuine and voluntary act and deed.

A verification is a sworn statement of the truth of the facts stated in the instrument which is verified while an acknowledgement is a method of authenticating an instrument by showing that it was the act of the person executing it; an acknowledgement shows merely prima facie that the instrument was duly executed whereas a verification is an affidavit attached to the statement as to the truth of the matters therein set forth. See, *Words and Phrases,* Verification.

Definition of oath—An affirmation of truth of a statement which renders one willfully asserting untrue statements punishable for perjury. *Black's Law Dictionary,* Revised Fourth Edition.

Sworn—frequently used interchangeably with "verified." *Black's Law Dictionary,* Revised Fourth Edition.

**101**

The legislative mandate as set forth in the statute requires the *testator* and witnesses to declare under oath that:

(1) the testator in the presence of witnesses signed the instrument as his last will and

(2) each witness in the presence of the testator and in the presence of each other signed the will as a witness.

These requirements evidence an intent by the legislature to require more from the testator than a mere acknowledgement of ones signature; the statute requires the testator also state his signature was accomplished in the presence of two witnesses, i.e., testimony under oath.

Based upon the above, the court rules the testatrix was not sworn by the notary public and therefore, this will is not self-proved and it is thereupon

ADJUDGED petition to admit will to probate is denied without prejudice.

ORDERED at West Palm Beach, Palm Beach County, Florida on August 1, 1991.